UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Civil Action No.: 25-CV-02830-AYS

------------------------------------------------------------------X
VINCENT ALU, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 VACATION
FUND; VINCENT ALU, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 WELFARE FUND;
VINCENT ALU, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 PENSION FUND;
VINCENT ALU, as Trustee of the GENERAL BUILDING
LABORERS' LOCAL 66 ANNUITY FUND; VINCENT
ALU, as a Trustee of the GENERAL BUILDING
LABORERS' LOCAL 66 LABORERS' EMPLOYER
COOPERATIVE AND EDUCATIONAL TRUST FUND;
VINCENT ALU, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 GREATER NY
LABORERS' EMPLOYER COOPERATIVE AND
EDUCATIONAL TRUST FUND; VINCENT ALU, as a
Trustee of the GENERAL BUILDING LABORERS'
LOCAL 66 TRAINING PROGRAM; VINCENT ALU, as
a Trustee of the GENERAL BUILDING LABORERS'
LOCAL 66 NEW YORK STATE HEALTH AND
SAFETY FUND; VINCENT ALU, as Business Manager
of GENERAL BUILDING LABORERS' LOCAL UNION
NO. 66 of the LABORERS' INTERNATIONAL UNION
OF NORTH AMERICA, AFL-CIO,

**AMENDED**
~~**VERIFIED**~~
**COMPLAINT**

                                        Plaintiffs,
            -against-

STATE CONTRACTING CORP. OF NY d/b/a CAPITAL
INDUSTRIES CORP.,

                                        Defendant.
------------------------------------------------------------------X

Plaintiffs complaining of the Defendant, STATE CONTRACTING CORP. OF NY d/b/a

CAPITAL INDUSTRIES CORP., by its attorney, LaVelle Law & Associates, P.C., alleges as

follows:

1.      This is an action by a fiduciary of eight (8) employee benefit plans under Section

301 of the LMRA, 20 U.S.C., Section 185 and Section 502 of E.R.I.S.A., 29 U.S.C., Section 1132

to enforce the provisions of a collective bargaining agreement; to enjoin acts or practices which

violate provisions of E.R.I.S.A.; to enforce the provisions of E.R.I.S.A.; to enforce the terms of the employee benefit plans. More specifically to permanently enjoin the herein Defendant's failure to make such contributions in the future and for interest, additional interest, reasonable attorney's fees and costs of action. This is also an action by the chief executive officer of a labor organization to obtain damages from the Defendant herein resulting from their breach of the collective bargaining agreement between the labor organization and the defendants resulting in benefit monies and interest owed.

2.	This is an action by a fiduciary of employee benefit plans to enforce the obligations of the Defendant to make contributions to these plans and permanently enjoin their failure to make such contributions in the future and for interest, additional interest, reasonable attorney's fees and costs of action. This is also an action by the chief executive officer of a labor organization to obtain damages from the defendants resulting from their breach of the collective bargaining agreement between the labor organization and the Defendant.

<u>**JURISDICTION AND VENUE**</u>

3.	The jurisdiction of this Court is invoked under the following statutes:

(a)	§ 502(a), (e), (f) and (g) and 4301(a), (b) and (c) of the Employee Retirement Income Security Act of 1974 (ERISA), (29 U.S.C. § 1132(a), (e), (f) and (g);

(b)	§ 301 of the Taft-Hartley Act (29 U.S.C. § 185);

(c)	28 U.S.C. § 1331 (federal question); and

(d)	28 U.S.C. 1337 (civil actions arising under Act of Congress regulating commerce).

4.	Venue properly lies in this district under §§ 502(e)(2) of ERISA and § 301 of the Taft-Hartley Act (29 U.S.C. § 185).

## PARTIES

5.      Plaintiff, VINCENT ALU, as a Trustee of the General Building Laborers' Local 66 Vacation Fund (Vacation Fund) and as a Trustee of the General Building Laborers' Local 66 Pension Fund (Welfare Fund) and as a Trustee of the General Building Laborers' Local 66 Welfare Fund (Pension Fund) and as a Trustee of the General Building Laborers' Local 66 Annuity Fund (Annuity Fund) and as a Trustee of the General Building Laborers' Local 66 Laborers' Employer Cooperative and Educational Trust Fund (LECET Fund) and as a Trustee of the General Building Laborers' Local 66 Greater NY Laborers' Employer Cooperative and Educational Trust Fund (Greater NY LECET Fund) and as a Trustee of the General Building Laborer's Local 66 Training Program (Training Fund) and as a Trustee of the General Building Laborers' Local 66 New York State Health and Safety Fund (NYS Health and Safety Fund), is and was a fiduciary within the meaning of § 3(21) and 502 of ERISA (29 U.S.C. §§ 1002(21) and 1132)) and brings this action in his fiduciary capacity.  The Vacation Fund and the Pension Fund and the Welfare Fund and the Annuity Fund and the LECET Fund and the Greater NY LECET Fund and the Training Fund and the NYS Health and Safety Fund are employee benefit plans within the meaning of §§ 3(1), 3(2), 3(3) and § 502(d)(1) of ERISA (29 U.S.C. §§ 1002(1), 1002(2), 1002(3) and 1132(d)(1)), and multi-employer plans within the meaning of §§ 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145).

6.      The Funds maintain their offices and are administered at 1600 Walt Whitman Road, Melville, New York 11747 and, as such, are and were at all times relevant hereto administered within this district within the meaning of § 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)).

7.      Upon information and belief, at all times relevant hereto corporate Defendant, STATE CONTRACTING CORP. OF NY d/b/a CAPITAL INDUSTRIES CORP., has been for-profit domestic corporation, doing business in New York, having their principal places of business

at 555 Saw Mill River Road, Yonkers, New York 10701, and incorporated under the laws of the State of New York, has been an employer within the meaning of §§ 3(5) and 5154 of ERISA (29 U.S.C. §§ 1002(5) and 1145) and has been an employer in an industry affecting commerce within the meaning of § 301 of the Taft-Hartley Act (29 U.S.C. § 185).

8.      Upon information and belief, at all times relevant hereto, the Defendant has been engaged in the building and construction industry as a contractor within the judicial district, to wit, Nassau and Suffolk Counties, State of New York and are and have been doing business in this district within the meaning of 28 U.S.C. § 1391.

9.      Defendant, STATE CONTRACTING CORP. OF NY d/b/a CAPITAL INDUSTRIES CORP., executed a "Job Site Agreement" which incorporates the "Collective Bargaining Agreement" therein with General Building Laborers' Local Union No. 66 with respect to plaintiff funds as third-party beneficiaries.  Said agreements incorporate by reference the terms of the Agreements and Declarations of Trust of the Fringe Benefit Funds.  Defendant thereby agreed to comply with and be bound by all of the provisions of the collective bargaining agreement and Agreements and Declarations of Trusts (hereinafter collectively "Agreements").  Said Agreements, *inter alia*, provided for contributions by said defendant to the Fringe Benefit Funds for each hour worked by participants employed by said defendant. Said Agreements also provided for Dues Check-Off payable to the General Building Laborers' Local Union No. 66. for each hour worked by participants employed by said defendant.  At all times material hereto said contract was in full force and effect. (A copy of the aforesaid ("Job Site Agreement" is annexed hereto as Exhibit "A").

10.     Pursuant to said Agreements, Defendant employed persons who were participants in the Fringe Benefit Funds within the meaning of § 3(7) of ERISA (29 U.S.C. § 1002(7)), during the time said contract was in full force and effect.

11.     Upon information and belief, the Defendant received funds which were intended to be held in trust for fringe benefit funds for labor on the job site pursuant to New York State Lien Law § 71, said funds were wrongfully and fraudulently diverted, and, as such, the individual defendant is liable, therefore.

## THE AGREEMENTS AND TRUSTS

12.     Pursuant to the terms of the Agreements and Trusts, Defendant, STATE CONTRACTING CORP. OF NY d/b/a CAPITAL INDUSTRIES CORP. is required inter alia to:

(a)     pay contributions to the Funds on behalf of its employees, at the rates and times set forth in the Agreements;

(b)     submit contribution reports to the Funds;

(c)     permit and cooperate with the Funds in the conducting of audits of its books and records; and

(d)     in the event the contractor fails to timely pay required contributions, it is obligated to pay;

i.     interest from the date such delinquent contributions were due until the date of payment;

ii.     liquidated damages in an amount equal to the interest on the delinquent contributions; and

iii.    all costs and attorneys' fees incurred by the Funds.

## REMEDIES FOR BREACH OF OBLIGATION TO THE FUNDS

13.     Pursuant to the terms of the "Job Site Agreement" and § 515 of ERISA (29 U.S.C. §1145), employers are required to pay contributions and any applicable interest owed based upon any late payments made to the Funds in accordance with the terms and conditions of the Agreements.

14.     Failure to make such payment or timely payment constitutes a violation of the agreements and § 515 of ERISA (29 U.S.C. § 1145).

15. The Agreements and § 502 of ERISA (29 U.S.C. § 1132) all provide that upon a finding of an employer violation as set forth above, the Funds shall be awarded the unpaid contributions, plus interest on unpaid contributions, liquidated damages, reasonable attorney's fees and costs of the action, and such other and legal or equitable relief as the court deems appropriate.

## CLAIMS FOR RELIEF

16. Plaintiff, VINCENT ALU, as a Trustee of each of the Fringe Benefits Funds, repeats and realleges each and every allegation set forth in paragraphs "1" through "15."

17. The jobsite of which the Defendant has failed to pay fringe benefit payments on is the Rallye Lexus of Westbury jobsite located in the County of Nassau, and concerns work conducted w/e April 24, 2024 to May 16, 2024.

18. That, based upon the review of payroll records and shop steward reports, it has been determined that Defendant, STATE CONTRACTING CORP. OF NY d/b/a CAPITAL INDUSTRIES CORP., owes the plaintiff funds fringe benefit payments for w/e April 24, 2024 to May 16, 2024 in the amount of $19,198.86, plus applicable interest. A spreadsheet laying out the amount of benefits owed as to this specific jobsite is annexed hereto as Exhibit "B."

19. Interest and liquidated damages on all of the aforementioned delinquencies are accruing from the date due and continuing until payment is received under § 502(g)(2) of ERISA (29 U.S.C. § 1132(g)(2)).

20. Attorney's fees accrued in collection of the unpaid contributions are owed as required by § 502 (g)(2) of ERISA (29 U.S.C. § 1132(g)(2)).

21. That, the Defendant has been notified of the total amounts due and owing and have failed to pay any of the fringe benefit contributions nor interest owed to the Funds in contravention to the Agreements and § 515 of ERISA (29 U.S.C. § 1145).

22. Defendant has no meritorious defense to the claims for relief as set forth in the

complaint herein, either in fact or in law and has simply sought to avoid payment of the contributions owed by it to the fringe benefit funds or to delay payment thereof.

23. The fringe benefit funds have and will incur considerable nonrecoverable expenses in pursuing unpaid contributions such as increased administrative overhead, lost investment income, attorney fees and other legal costs.

24. The nonrecoverable expenses are ultimately borne by the participants, pensioners and beneficiaries of the fringe benefit funds by way of reduced benefits and this is inequitable.

25. Accordingly, defendant should be permanently enjoined from failing or refusing to pay contributions and interest to the fringe benefit funds in accordance with the terms and conditions of Agreements, all in violation of § 515 of ERISA (29 U.S.C. § 1145).

**WHEREFORE**, plaintiffs demand judgment in accordance with § 502(g)(2) of ERISA (29 U.S.C. § 1132(g)):

- based upon the review of payroll records and shop steward reports, Defendant, STATE CONTRACTING CORP. OF NY d/b/a CAPITAL INDUSTRIES CORP.,

- owes the plaintiff funds fringe benefits funds the amount of $19,198.86, plus applicable interest, as set forth in Exhibit "B" annexed hereto; and

- attorney's fees and costs incurred in the action as required by § 502 (g)(2) of ERISA (29 U.S.C. § 1132(g)(2); and

- judgment, in accordance with § 502(g)(2)(E) of ERISA (29 U.S.C. § 1132(g)(2)(E)), permanently enjoining the Defendant from failing or refusing to pay contributions owed by them to the Fringe Benefit Funds and in accordance with the Agreements in violation of § 515 of ERISA (29 U.S.C. 1145)
- for such other legal or equitable relief as this Court deems appropriate.

Dated: Patchogue, New York
June 2, 2025

LAVELLE LAW & ASSOCIATES P.C.

By: _____
WILLIAM T. LAVELLE
*Attorneys for Plaintiffs*
180 East Main Street, Sute 205-I
Patchogue, NY 11772
(631) 475-0001

TO:     Defendants (F.R.C.P. 4)
        United States District Court (F.R.C.P. 3)
        Secretary of Labor - by Certified Mail (29 U.S.C. § 1132(h)
        Secretary of Treasury - by Certified Mail (29 U.S.C. § 1132(h)

## VERIFICATION

STATE OF NEW YORK    }

                           } ss.:

COUNTY OF SUFFOLK    }

VINCENT ALU, being duly sworn deposes and says:

I am the Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 VACATION FUND, GENERAL BUILDING LABORERS' LOCAL 66 WELFARE FUND, PENSION FUND; GENERAL BUILDING LABORERS' LOCAL 66 ANNUITY FUND; LABORERS' EMPLOYER COOPERATIVE AND EDUCATIONAL TRUST FUND; GREATER NY LABORERS' EMPLOYER COOPERATIVE AND EDUCATIONAL TRUST FUND; TRAINING PROGRAM; NEW YORK STATE HEALTH AND SAFETY FUND; and as Business Manager of GENERAL BUILDING LABORERS' LOCAL UNION NO. 66 of the LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO.

I have read the foregoing Amended Verified Complaint and the same are true to deponent's own knowledge, except as to those matters alleged to be upon information and belief, and as to those matters deponent believes them to be true. The grounds of deponent's belief are the records of the named Funds and the Labor Organization, which are in my custody.

_____
VINCENT ALU

Sworn to before me this
30ᵗʰ day of May 2025

_____
Notary Public

ADAM L. GLASER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02GL6347483
QUALIFIED IN SUFFOLK COUNTY
MY COMMISSION EXPIRES SEPT. 6, 2026

**EXHIBIT "A"**

Transitional Job Site Agreement

IT IS AGREED AND UNDERSTOOD by and between the undersigned Employer (the "Employer") and GENERAL BUILDING LABORERS LOCAL UNION NO. 66, (the "Union") that the Employer shall twice be provided opportunities to perform jobs pursuant to job site agreements. After execution of two prior job site agreements in the present or any other form, the Employer understands and agrees that execution of this letter agreement shall bind the Employer to the then current collective bargaining agreement between the Union and Independent employers (the "Independent Agreement") to the full extent as if the terms of such agreement were set forth in full herein. The Employer agrees that it has received a copy of the Independent Agreement.

The Employer is performing work, without limitation, at the job site located at

_____ Rallye BMW - 125 + 131 Jericho Turnpike

where work is being or is to be performed within the jurisdiction of the Union (the "Job Site).

The Employer agrees that the execution of this letter agreement constitutes the #1 execution of an agreement to perform work under the terms of a Local 66 collective bargaining agreement.

If the execution of this letter agreement is the third (or greater) execution of an agreement to perform work under the terms of a Local 66 collective bargaining agreement as referenced in the preceding paragraph, the Employer is hereby bound to the Independent Agreement to the full extent as if the terms of the Independent Agreement were set forth in full herein on all jobs in Nassau or Suffolk Counties. The wages and fringe benefit contributions enforced during the period of this agreement shall be those set forth in the Independent Agreement. For reference purposes the rates under the current Independent Agreement are set forth below.

If the execution of this letter agreement is the first or second execution of an agreement to perform work under a Local 66 collective bargaining agreement pursuant to job site agreements, the Employer is hereby bound at the Job Site to the current Independent Agreement to the full extent as if set forth in full herein. The duration of the current Independent Agreement at the Job Site shall be through the conclusion of all work at the Job Site, the otherwise applicable duration provisions of the Independent Agreement notwithstanding. The wages and fringe benefits contributions enforced during the period of this agreement shall be those set forth in the current Independent Agreement and in any successor Independent Agreement should the job last longer than the duration of the current Independent Agreement. For reference purposes the rates under the current Independent Agreement are set forth below.

For Capital Industries / State Contracting with respect to Demolition only. This is not for any other trades and or contractors working on site for owner / gc in the future.

This site agreement allows Capital Industries / State Contracting to utilize 2 working company labor not affiliated with any unions.

In addition to any other issues subject to grievance and arbitration pursuant to Article Nine of the Independent Agreement as set forth therein, all disputes regarding whether the Employer has become bound to the Independent Agreement for all jobs in Nassau and Suffolk counties shall be resolved through such grievance and arbitration provisions of the Independent Agreement.

Effective July 1, 2023 such rates for regular hours-worked are as follows:

| | |
|---|---|
| Wages | $40.65 |
| Welfare Fund | $14.45 |
| Pension Fund | $ 8.10 |
| Training Fund | $ .99 |
| Vacation Fund | $ 2.65 (added to wage – taxable) |
| Greater N.Y. L.E.C.E.T. | $ .22 |
| NY State Health and Safety | $ .05 |
| Laborers-Employer Co-op Education Trust | $ .15 |
| Annuity Fund | $ 7.75 |
| Dues Check-Off | $ 3.35 (deducted from wages) |

In addition the Employer agrees and understands that at all jobs to which the Independent Agreement applies fringe benefit contributions and dues are payable to the Local 66 Trust Funds and Local Union respectively for all Building Laborers on the job performing jurisdictional work. The employer understands that the fringe benefit contributions and dues are payable for company laborers and Local 66 referred laborers alike.

# EXHIBIT "B"

Case 2:25-cv-02830-GRB-AYS    Document 5    Filed 06/02/25    Page 14 of 15 PageID #: 33

# CAPITAL INDUSTRIES

## (BENEFITS DUE)

| JOB LOCATION | PARTICIPANT FIRST NAME | MIDDLE INITIAL | LAST NAME | SOC SEC NBR | LOCAL NUMBER | W/E DATE | SSR HOURS RECEIVED | HOURS PAID | HOURS OWED | RATE AMOUNT | TOTAL AMOUNT OWED |
|---|---|---|---|---|---|---|---|---|---|---|---|
| RAYLLE LEXUS-WESTBURY | JASON | C. | FIEDERLEIN | XXX-XX-8111 | 66 | 4/24/2024 | 24 | 0 | 24 | 37.71 | 905.04 |
| RAYLLE LEXUS-WESTBURY | CARLOS | | HERNANDEZ | XXX-XX-1208 | 66 | 4/24/2024 | 32 | 0 | 32 | 37.71 | 1,206.72 |
| RAYLLE LEXUS-WESTBURY | HUGO | | ORDONEZ AYALA | XXX-XX-0132 | 66 | 4/24/2024 | 32 | 0 | 32 | 25.94 | 830.08 |
| RAYLLE LEXUS-WESTBURY | ANTHONY | | PACE | XXX-XX-0483 | 66 | 4/24/2024 | 32 | 0 | 32 | 37.71 | 1,206.72 |
| RAYLLE LEXUS-WESTBURY | JASON | C. | FIEDERLEIN | XXX-XX-8111 | 66 | 5/1/2024 | 40 | 0 | 40 | 37.71 | 1,508.40 |
| RAYLLE LEXUS-WESTBURY | CARLOS | | HERNANDEZ | XXX-XX-1208 | 66 | 5/1/2024 | 40 | 0 | 40 | 37.71 | 1,508.40 |
| RAYLLE LEXUS-WESTBURY | HUGO | | ORDONEZ AYALA | XXX-XX-0132 | 66 | 5/1/2024 | 40 | 0 | 40 | 25.94 | 1,037.60 |
| RAYLLE LEXUS-WESTBURY | ANTHONY | | PACE | XXX-XX-0483 | 66 | 5/1/2024 | 40 | 0 | 40 | 37.71 | 1,508.40 |
| RAYLLE LEXUS-WESTBURY | JASON | C. | FIEDERLEIN | XXX-XX-8111 | 66 | 5/8/2024 | 32 | 0 | 32 | 37.71 | 1,206.72 |
| RAYLLE LEXUS-WESTBURY | CARLOS | | HERNANDEZ | XXX-XX-1208 | 66 | 5/8/2024 | 40 | 0 | 40 | 37.71 | 1,508.40 |
| RAYLLE LEXUS-WESTBURY | HUGO | | ORDONEZ AYALA | XXX-XX-0132 | 66 | 5/8/2024 | 36 | 0 | 36 | 25.94 | 933.84 |
| RAYLLE LEXUS-WESTBURY | ANTHONY | | PACE | XXX-XX-0483 | 66 | 5/8/2024 | 40 | 0 | 40 | 37.71 | 1,508.40 |
| RAYLLE LEXUS-WESTBURY | CARLOS | | HERNANDEZ | XXX-XX-1208 | 66 | 5/15/2024 | 8 | 0 | 8 | 37.71 | 301.68 |
| RAYLLE LEXUS-WESTBURY | HUGO | | ORDONEZ AYALA | XXX-XX-0132 | 66 | 5/15/2024 | 8 | 0 | 8 | 25.94 | 207.52 |
| RAYLLE LEXUS-WESTBURY | ANTHONY | | PACE | XXX-XX-0483 | 66 | 5/15/2024 | 8 | 0 | 8 | 37.71 | 301.68 |
| RAYLLE LEXUS-WESTBURY | CARLOS | | HERNANDEZ | XXX-XX-1208 | 66 | 5/16/2024 | 32 | 0 | 32 | 37.71 | 1,206.72 |
| RAYLLE LEXUS-WESTBURY | RUBEN | D | MONTESDEOCA | XXX-XX-3065 | 66 | 5/16/2024 | 40 | 0 | 40 | 37.71 | 1,508.40 |
| RAYLLE LEXUS-WESTBURY | HUGO | | ORDONEZ AYALA | XXX-XX-0132 | 66 | 5/16/2024 | 31 | 0 | 31 | 25.94 | 804.14 |

**TOTAL DUE    $    19,198.86**

Civil Action No.: 25-CV-02830-AYS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

VINCENT ALU, as a Trustee of the GENERAL BUILDING
LABORERS' LOCAL 66 VACATION FUND, et al.,

        Plaintiffs,

   -against-


STATE CONTRACTING CORP. OF NY d/b/a CAPITAL INDUSTRIES CORP.,

        Defendant.

---

**AMENDED VERIFIED COMPLAINT**

---

**LAVELLE LAW & ASSOCIATES, P.C.**
*Attorneys for Plaintiffs*
180 East Main Street, Suite 205-I
Patchogue, New York 11772
(631) 475-0001

---

Yours, etc.,

**LAVELLE LAW & ASSOCIATES, P.C.**
180 East Main Street, Suite 205-I
Patchogue, New York 11772
(631) 475-0001